J-S02004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AYANA BURELL | : | No. 966 EDA 2024 |

Appeal from the Order Entered February 21, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002464-2022

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY LAZARUS, P.J.: **FILED JULY 22, 2025**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Philadelphia County, granting extraordinary relief and vacating Ayana Burell's judgment of sentence for simple assault. After review, we vacate and remand for further proceedings.

On August 26, 2022, after a non-jury trial, Burell was found guilty and convicted of simple assault[1] and harassment,[2] and sentenced Burell to two years' probation for the simple assault conviction. On September 2, 2022, the trial court sua sponte reconsidered its verdict and entered an order vacating the simple assault conviction because of insufficient evidence. The

---

[1] 18 Pa.C.S.A. § 2701(a)(1).

[2] *Id.* at § 2709(a)(1).

trial court then sentenced Burell to, inter alia, 90 days of probation on the summary harassment conviction.

The Commonwealth appealed from the court's sua sponte order, arguing that (1) the trial court could not grant an arrest of judgment without a motion to do so before it, and (2) the evidence was sufficient to sustain the simple assault conviction. We agreed, reversed the trial court's order vacating the simple assault conviction and judgment of sentence, and remanded for reinstatement of that conviction and reimposition of the original probationary sentence. *See Commonwealth v. Burell* 307 A.3d 654, at *6 (Pa. Super. 2023) (Table).

On remand, the trial court held a hearing on December 20, 2023 where it reinstated the simple assault conviction but deferred sentencing at the request of Burell's counsel. *See* N.T. Hearing, 12/20/23, at 4-5. On February 21, 2024, Burell's counsel made an oral motion for extraordinary relief and arrest of judgment on the charge of simple assault, arguing that there was insufficient evidence that Burell had the requisite intent to cause bodily injury. *See* N.T. Resentencing Hearing, 2/21/24, at 3-4; *see also* Pa.R.Crim.P. 704. The trial court granted the motion and again vacated Burell's simple assault conviction. *Id.* at 7.

The Commonwealth timely appealed, and the trial court and the Commonwealth both complied with Pa.R.A.P. 1925. The Commonwealth raises the following claim for appeal:

Did the [trial] court err by failing to comply with this Court's order on remand—in particular, by purporting to again rule the evidence insufficient to prove simple assault and by failing to follow this Court's ordered instructions—where the [trial] court's disposition:

(1) contradicted this Court's conclusive ruling that under "the appropriate standard [. . . t]he evidence in the light most favorable to the Commonwealth [. . .] was sufficient" to support the conviction of simple assault; and

(2) failed to follow this Court's order to "reinstate[ . . .] that conviction and reimpos[e . . .] the probationary sentence"?

Commonwealth's Brief, at 4 (citations to record omitted).

The Commonwealth argues that the trial court "had no authority to decline to enforce" our instructions on remand. *Id.* at 12. Burell agrees, stating that "the trial court erred by not complying with this Court's order to reinstate the verdict of guilt as to simple assault and reimpose sentence on that charge." Burell's Brief, at 1.

We agree. Here, the trial court was without authority to disregard our order on remand. Pennsylvania Rule of Appellate Procedure 2591(a) provides that "[o]n remand of the record the court or other government unit below ***shall proceed in accordance with the judgment or other order of the appellate court***[.]" (emphasis added). "[T]he trial court must comply strictly with this Court's mandate and has no power to modify, alter, amend, set aside, or in any measure disturb or depart from this Court's decision as to any matter decided on appeal." ***US Bank Nat'l Ass'n as Trustee of NRZ Inventory Trust v. Gardner***, 326 A.3d 113, 119 (Pa. Super. 2024) (citation omitted). Thus, the trial court erred when it failed to abide by our prior order

and impose the original sentence for simple assault. Accordingly, upon remand, we once again direct the trial court to reinstate Burell's conviction and judgment of sentence for simple assault.

Order vacated. Case remanded for compliance with this Court's October 11, 2023 order. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2025